UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. JONES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-cv-00509-SRW |
| MICHAEL SHEWMAKER, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

State-court prisoner Mark A. Jones petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 22, 2025, the Court issued an Order directing Jones to show cause as to why the petition should not be dismissed as time-barred. ECF No. 7. After being granted an extension of time (ECF No. 9), Jones filed a 'Motion to Avoid Dismissal as Time-Barred and for Reconsideration of Appointment of Counsel.' ECF No. 10. The Court has reviewed Jones's Motion in response to the Show Cause Order and finds it unpersuasive. The Motion to Avoid Dismissal and for Reconsideration will be denied, and the § 2254 habeas petition will be denied and dismissed as time-barred.

### Background

Based on an independent review on Case.net, Missouri's online case management system, Petitioner Jones pleaded guilty to two counts of forcible sodomy and one count of forcible rape in St. Charles County, Missouri, in August 2010. *State v. Jones*, No. 1011-CR01330-01 (11th Jud. Cir. 2010). Petitioner was sentenced to a total of 25 years, to run concurrently with a four-year sentence he had received two months earlier. In that earlier case, Petitioner pleaded guilty to sexual assault and deviate sexual assault and was granted probation in January 2010. *State v.*

*Jones*, No. 0911-CR03208 (11th Jud. Cir., 2009). But, in June 2010, his probation was revoked, and he was sentenced to four years. In the § 2254 petition before the Court, Petitioner is challenging the 25-year sentence that he received in *State v. Jones*, No. 1011-CR01330-01; but Petitioner describes these two state court cases as "inextricably intertwined." ECF No. 1 at 1, 4.

Petitioner admits in his § 2254 petition that he did not file a direct appeal of the criminal conviction he is contesting, blaming this failure on his attorney. *Id.* at 2. That said, Petitioner did file other challenges in state court regarding this criminal conviction. On December 5, 2022, Petitioner sought a petition for a writ of habeas corpus in Texas County, Missouri. *Jones v. Buckner*, No. 22TE-CC00347 (25th Jud. Cir. 2022). The writ was summarily denied on December 13, 2022, and his appeal of that denial was deemed an "unappealable decision" and dismissed on November 17, 2023. *Jones v. Buckner*, No. SD38156 (Mo. Ct. App. 2023). Regardless of that dismissal, Petitioner filed another petition for writ of habeas corpus with the appellate court three days later. *Jones v. Buckner*, No. SD38316 (Mo. Ct. App. 2023). That writ was denied two days after filing. Finally, Petitioner sought habeas corpus relief from the Missouri Supreme Court in August 2024. *Jones v. Buckner*, No. SC100708 (Mo. 2024). The writ was denied on October 1, 2024.

Now Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from this Court, challenging his 2010 sentence of 25 years on three counts of forcible sodomy and rape. ECF No. 1. Petitioner argues that he received ineffective assistance of trial counsel (by both his initial public defender and later by his private counsel); that the state-court prosecutor committed misconduct and had a conflict of interest; and that he should receive a new sentencing due to an expunged marijuana offense. *Id.* at 5-11.

One of Petitioner's allegations of ineffective assistance of counsel against his private trial-court counsel, Andrew Hale, is that attorney Hale told Petitioner that he had filed a direct appeal of his criminal conviction, but Petitioner later discovered that Hale had lied and "it was too late to file on time." *Id.* at 5.  Furthermore, on the section of the petition form regarding 'Timeliness of Petition,' Petitioner states:

1. Cause for the default and actual prejudice as a result of alleged violation of Federal law, and failure to consider the claims will result in a fundamental miscarriage of justice.

2. Newly discovered evidence that was not available during sentencing and pretrial hearings, and post conviction proceedings.

3. Petitioner can show by a preponderance of evidence and NEW evidence of actual innocence.

4. A gateway cause and prejudice claim, and cause and prejudice standard claim which gives the Court jurisdiction to review this petition.

*Id.* at 13.  The petition was placed in the prison mailing system on March 21, 2025.  *Id.* at 14.

After initial review of the habeas petition, this Court issued an Order on July 22, 2025, granting *in forma pauperis* status and directing Petitioner to show cause why the petition should not be dismissed as time-barred.  ECF No. 7.

## Show Cause Response[1]

After the Court granted Petitioner an extension of time to file his response to the Show Cause Order (ECF No. 9), Petitioner filed a 'Motion to Avoid Dismissal as Time-Barred and for Reconsideration of Appointment of Counsel' on October 10, 2025.  ECF No. 10.  In this motion, Petitioner argues that equitable tolling should apply here for four reasons: (1) he was diligently

---

[1] Petitioner's Motion in response to the Show Cause Order also seeks reconsideration of the Court's denial of the appointment of counsel.  *See* ECF Nos. 9 at 1-2, 10 at 2.  Because this case will be dismissed as time-barred, the Court will not reconsider appointment of counsel.

- 3 -

pursuing his state post-conviction remedies prior to filing his federal petition; (2) his habeas claims are based on newly discovered evidence; (3) Petitioner suffers from learning and psychiatric disabilities that substantially impair his ability to research, draft, and file legal pleadings; and (4) Petitioner needs assistance in the preparation of his filings and one of his helpers is no longer available to him.  *Id.* at 1-2.

## Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments.  *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007).  This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner does not assert that any State action prevented his timely filing, nor does he assert that his claim is based on any newly recognized Supreme Court right.  Although Petitioner mentions new evidence, it is not clear from the pleadings that such new evidence exists

and/or supports his legal claims. He provides no proof of any newly discovered evidence. Thus, the applicable provision is the one stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under Missouri court rules, a party may appeal from a judgment by filing a notice of appeal not later than ten days after the judgment becomes final. Mo. Sup. Ct. R. 81.04(a); *see also Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

The Court acknowledges that AEDPA's statute of limitations is tolled while state post-conviction proceedings and "other collateral review" proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Relevant to this action, pending habeas corpus cases toll the limitations period. *See Wall v. Kholi*, 562 U.S. 545, 552 (2011) (stating that "our cases make it clear that habeas corpus is a form of collateral review").

Also, the one-year limitations period set forth in AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). But, as the Eighth Circuit has

explained, equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

## Discussion

The instant § 2254 petition was filed out of time. Because Petitioner did not file a direct appeal, his one-year period of limitation began to run when his time for seeking direct review of the judgment expired, which was ten days after the judgment became final – on or about August 16, 2010. Yet, Petitioner did not file any collateral review proceedings until December 2022—over twelve years later—when he initiated a habeas corpus action in state court. *See Jones v. Buckner*, No. 22TE-CC00347 (25th Jud. Cir. 2022). Accordingly, by the time Petitioner filed his state habeas action in 2022, his limitations period for filing a federal habeas action had already expired.

In order for equitable tolling to apply here to save this petition from being time-barred, Petitioner must establish that he was *both* pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing his petition. *See Holland*, 560 U.S. at 649. Based on the evidence before the Court, Petitioner has not demonstrated that he is entitled to equitable tolling.

Petitioner provides legal citations[2] in support of his four arguments for tolling, but he provides no factual evidence demonstrating that these arguments apply to this case. For example, although Petitioner states that he was diligently pursuing his state post-conviction remedies, he

---

[2] Petitioner's motion cites 28 U.S.C. § 2244 and cases from the Supreme Court in support of his first two arguments, but the cited legal support for the last two arguments are from the Second and Ninth Circuit Courts. *See* ECF No. 10 at 1-2. Because this district court is in the Eighth Circuit, these cases amount to persuasive authority at best.

provides no facts to support this proposition. Similarly, he alleges that his habeas claims are based on newly discovered evidence, but he provides no such new evidence to the Court.

## I.     No Diligent Pursuit of Rights

Petitioner provides no evidence that he was diligently pursuing his rights, and the evidence before the Court indicates otherwise. Petitioner blames the untimeliness of his post-conviction review actions on his trial court counsel's failure to file a direct appeal in multiple criminal cases, including the one at issue in this case. Petitioner states that his private attorney, Hale, told him that he had filed a direct appeal and that by the time Petitioner learned that Hale had not appealed, it was too late to appeal. Petitioner states that, in the years following this realization, he filed a complaint against attorney Hale with the Missouri Bar Association and that Hale later committed suicide. ECF No. 1 at 5. After Petitioner realized Hale had not appealed, Petitioner "attempted to file on his own but was not able to do so by lack of knowledge." *Id.*

A review of state court records reveals that Petitioner did file a *pro se* motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15 in his "intertwined" criminal case, *State v. Jones*, No. 0911-CR03208, in January 2013. *See Jones v. State*, No. 1311-CC00019 (11th Jud. Cir. 2013). In his motion for post-conviction relief in that case, Petitioner stated that he did not file a direct appeal because his attorney Hale had told him that he had filed it. That motion was dismissed as untimely.

Furthermore, Petitioner also filed a petition for writ of mandamus in August 2016 in state court, complaining about attorney Hale's failure to file direct appeals. *See Jones v. 11th Cir. Ct.*, No. ED104960 (Mo. Ct. App. 2016). In his pleadings seeking mandamus, Petitioner stated that he fired attorney Hale on November 29, 2011; that he filed a Missouri Bar complaint against Hale in

early 2012; and that Hale committed suicide in January 2015. The state court denied the writ of mandamus the day after its filing—August 11, 2016.

In this case, court records show that Petitioner was not diligently pursuing his state post-conviction remedies prior to filing this federal habeas case. Petitioner fired attorney Hale in 2011, yet he did not seek any post-conviction relief on his 2010 conviction until 2022, even though he filed for post-conviction relief in his "intertwined" state criminal case as early as 2013. Petitioner provides no justification for failing to seek habeas relief sooner. *See Chachanko v. United States*, 935 F.3d 627, 630 (8th Cir. 2019) (discussing how a petitioner who is diligently pursuing his rights must monitor the status of his case and upon learning that his attorney missed a deadline, must immediately file a *pro se* motion).

**II.     No Extraordinary Circumstance Prevented Timely Filing.**

To the extent that Petitioner argues that his learning and psychiatric disabilities are an extraordinary circumstance that prevented him from filing his petition in a timely manner, the Court is unpersuaded. Petitioner provides no evidence of such disabilities or when he was diagnosed with them. Nor does Petitioner provide any facts indicating how these disabilities prevented him from timely filing. It is not enough for Petitioner to make the conclusory statement that his disabilities prevented filing without presenting facts in support of this claim. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Petitioner also alleges that he had to rely on another person to help him with his legal filings, and at some point, that person was no longer available to help. According to Eighth Circuit precent, however, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal

resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

### Conclusion

Therefore, the Court finds that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred and subject to summary dismissal. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Avoid Dismissal as Time-Barred and for Reconsideration of Appointment of Counsel [ECF No. 10] is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of January, 2026.

　
_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE